IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARIO TORRES,

              Plaintiff,

    v.

DIANE BECTON, et al.,

              Defendants.

Case No. 19-cv-06865-MMC

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT; AFFORDING LEAVE TO AMEND**

Before the Court are plaintiff Mario Torres's complaint and application to proceed in forma pauperis, both filed October 22, 2019.  Having read and considered plaintiff's filings, the Court rules as follows.

As it appears from plaintiff's application that he lacks funds to pay the filing fee, the application to proceed in forma pauperis is hereby GRANTED.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted" or the action is "frivolous and malicious." See 28 U.S.C. § 1915(e)(2)(B).  The Court thus turns to the question of whether the complaint "state[s] a claim on which relief may be granted." See id.

**1. Allegations Against "Clerks & District Attorneys"**

In his complaint, plaintiff alleges that, on October 22, 2017, he "mailed a motion demanding trial pursuant to P.C. § 1381" to the "Office of the Clerks." (See Compl. ¶ 15.)[1]

---

[1] Pursuant to California Penal Code § 1381, a defendant who has been convicted and incarcerated is, upon motion, entitled to a speedy trial on any charges that remain pending.

Plaintiff further alleges a person he describes as his "power of attorney" was advised by the "clerks of court" that his motion was not filed but instead was "forward[ed]" to the "Office of the District Attorney." (See id. ¶ 19.)  Plaintiff acknowledges receiving, on November 10, 2017, an order denying his "1381 Motion," but alleges said order "did not have any type of court stamp on the document, showing that it was not filed." (See id. ¶¶ 23-24.)

Based on the above allegations, plaintiff claims he was denied his "First Amendment right to Access of the Courts," his rights to "Due Process/Equal Protection of Law," and his "Sixth Amendment Right to a Speedy Trial" (see id. ¶¶ 29, 34, 38), each such claim based on his allegation that his § 1381 motion was not filed.  As noted, however, plaintiff also alleges he received an order ruling on his motion.  As plaintiff's allegations demonstrate his motion was considered, he has failed to show he did not have access to the courts or that his "efforts to pursue a speedy trial" were hindered. (See id. ¶ 38.)  Under such circumstances, the Court finds plaintiff has failed to state a claim. Cf. Lewis v. Casey, 518 U.S. 343, 348 (1996) (holding prisoner claiming violation of right of access to court must establish "actual prejudice with respect to contemplated or existing litigation, such as the inability to . . . present a claim").

**2. Allegations Against "Public Defenders"**

Plaintiff alleges his "public defender" Christopher Martin ("Martin"), "due to a county policy of discovery deprivation pre and post-trial," has "refused to release" plaintiff's "discovery" relating to other "criminal proceedings," in which Martin allegedly represented him. (See Compl. ¶ 26.)  Based thereon, plaintiff claims Martin, as well as Contra Costa County Public Defender Robin Lipetzky ("Lipetzky"), violated his First Amendment rights to "Access to the Court" and "to file an adequate Grievance," as well as his right to "Due Process/Equal Protection of Law." (See id. ¶¶ 30, 35.)

To the extent such claims arise from Martin's representation of plaintiff, they are subject to dismissal, as public defenders, as a matter of law, are not state actors subject to liability under 42 U.S.C. § 1983 "when performing a lawyer's traditional functions as

counsel to a defendant in a criminal proceeding." Polk Cty. v. Dodson, 454 U.S. 312, 325

(1981).[2] As to plaintiff's allegation of a "county policy of discovery deprivation pre and

post-trial" (see Compl. ¶ 26), even assuming any such policymaking constitutes an

"administrative" act treated as state action, see Polk Cty., 454 U.S. at 325 (recognizing

public defender's "administrative and possibly investigative functions" may constitute

state action), plaintiff's allegations that such policy impeded his "right to adequate Access

to the Court" or his "right to file an adequate Grievance" (see Compl. ¶ 30) are "bare

assertions" lacking sufficient "factual content." See Ashcroft v. Iqbal, 556 U.S. 662, 678,

681 (2009).[3]

Plaintiff's remaining claim arises under state law, and, as the parties are not

diverse in citizenship (see Compl. ¶¶ 3-11 (listing California addresses for plaintiff and all

defendants)), the Court's jurisdiction over the state law claims is supplemental in nature.

See 28 U.S.C. § 1367(a). Where a court has dismissed all claims over which it has

original jurisdiction, it may decline to exercise supplemental jurisdiction over the

remaining claims. See 28 U.S.C. § 1367(c)(3). In this instance, given the early stage of

the proceedings, the Court finds it appropriate to decline to exercise supplemental

jurisdiction over plaintiff's state law claims, unless and until plaintiff pleads a viable

federal claim.

## CONCLUSION

For the reasons set forth above, plaintiff's complaint is hereby DISMISSED with

---

[2] Although plaintiff refers to Martin as his "public defender," plaintiff lists Martin's place of work as "Martin Law Office," apparently a private practice, and he has pled no facts to show Martin is a public defender. (See Compl. ¶¶ 6-7, 26.) Whether Martin is a public defender or a private attorney, however, plaintiff's claims are subject to dismissal. See Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972) (holding attorney representing criminal defendant, "whether retained or appointed, does not act 'under color of' state law" for purposes of 42 U.S.C. § 1983).

[3] Plaintiff fails to allege, for example, what information he seeks from the "discovery" allegedly being withheld, or how his inability to obtain such information prevents his access to the courts.

leave to amend. Plaintiff's amended complaint, if any, shall be filed no later than

November 21, 2019.

**IT IS SO ORDERED.**

Dated: October 31, 2019

MAXINE M. CHESNEY
United States District Judge