IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br>　　Plaintiff,<br>　v.<br>DIANE BECTON, et al.,<br>　　Defendants. | Case No. 19-cv-06865-MMC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT; CONTINUING INITIAL CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 6 |

On October 22, 2019, plaintiff Mario Torres filed his complaint, by which pleading he asserted, under 42 U.S.C. § 1983, claims for denial of his constitutional rights to access to the courts, a speedy trial, due process, and equal protection of the law. That same day, plaintiff also filed an application to proceed in forma pauperis. Thereafter, by order filed October 31, 2019 ("October 31 Order"), the Court granted plaintiff's application to proceed in forma pauperis and, having found plaintiff failed to state a claim, dismissed the complaint with leave to amend.

Now before the Court is plaintiff's First Amended Complaint ("FAC"), filed November 21, 2019. Having read and considered the FAC, the Court rules as follows.

Where, as here, a party proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted." See 28 U.S.C. § 1915(e)(2)(B)(ii). The Court considers herein whether the FAC is subject to dismissal for "fail[ure] to state a claim on which relief may be granted." See id.

**1. Failure to File § 1381 Motion**

In his FAC, plaintiff alleges, as he did in his initial complaint, that after he "mailed a

motion demanding trial pursuant to P.C. § 1381 . . . to the Office of the Clerks" on October 22, 2017, (see FAC ¶ 21), the "clerks of court" did not file his motion but instead "forward[ed] it" to the "Office of the District Attorney," (see id. ¶ 25).[1] Plaintiff acknowledges in his FAC, as in his initial complaint, that on November 10, 2017, he received an "Order" denying his "1381 Motion," but he alleges, essentially as he did in his initial complaint, that said order "did not have any type of court stamp on the document, leading [him] to believe that his motion was not actually filed." (See id. ¶¶ 28, 29.) Based on the above allegations, plaintiff claims he was denied his "First Amendment right to Access of the Courts," his "Fifth and Fourteenth Amendments rights to the 'Due Process/Equal Protection of Law,'" and his "Sixth Amendment Right to a Speedy Trial." (See id. ¶¶ 67, 72, 77.)

The Court previously found plaintiff, having received an order ruling on his § 1381 Motion, "failed to show he did not have access to the courts or that his efforts to pursue a speedy trial were hindered." (See Order filed October 31, 2019, at 2:12-13) (internal quotation omitted). In his FAC, plaintiff now asserts that despite his § 1381 Motion having been considered by a court, he nonetheless has adequately stated a claim for damages based on "the past deprivation of [his] rights to have his motions filed, by the clerks of court, who have a duty to do so." (See FAC ¶ 30.)

In support of his new theory, plaintiff cites Voit v. Superior Court of Santa Clara County, 201 Cal. App. 4th 1285 (2011) and Ermold v. Davis, 855 F.3d 715 (6th Cir. 2017).[2] Neither Voit nor Ermold, however, holds that a court clerk's failure to file a

---

[1] Pursuant to California Penal Code § 1381, a defendant who has been convicted and incarcerated is, upon motion, entitled to a speedy trial on any charges that remain pending.

[2] The citation in the FAC is to "Ermold, et al. v. Davis, et al., No. 17-6233 (6th Cir. 2019)," (see FAC ¶ 30), which could refer to two different Sixth Circuit opinions. Based on plaintiff's description of the case as deciding whether "there was no longer a legal dispute," (see id.), however, the Court understands plaintiff's citation is to Ermold v. Davis, 855 F.3d 715 (6th Cir. 2017), in which the Sixth Circuit considered whether the plaintiffs' claims therein were moot, rather than to Ermold v. Davis, 936 F.3d 429 (6th Cir. 2019), in which the Sixth Circuit considered whether the defendant was entitled to

1  document, standing alone, violates an individual's right of access to the courts or to a
2  speedy trial. Rather, in each such case, the circumstances presented were
3  distinguishable from those presented here.

4  In Voit, the California Court of Appeals held the petitioner's right to access the
5  courts was violated where the court clerk's office rejected, on multiple occasions, the
6  petitioner's motion for appointment of counsel, and, in doing so, prevented the court from
7  ruling on his motion. Voit, 201 Cal. App. 4th at 1286-87. Here, unlike in Voit, the clerks
8  did not prevent the court from deciding plaintiff's motion and, consequently, did not
9  violate his right of access to the courts.

10  Ermold likewise is distinguishable on its facts. There, the Sixth Circuit held a
11  same-sex couple's claims for damages, based on a county clerk's refusal to issue them a
12  marriage license, were not rendered moot by new legislation under which they were
13  "eventually issued a marriage license," in that they had already suffered injury, the
14  inability to marry, prior to such change in the law. See, Ermold, 855 F.3d at 718. In
15  contrast to the plaintiffs in Ermold, plaintiff here did not incur any damages or suffer any
16  harm as a result of the clerks' alleged failure to perform their duties. Thus, in contrast to
17  the plaintiffs' claims in Ermold, plaintiff's claim fails. See Lewis v. Casey, 518 U.S. 343,
18  348 (1996) (holding petitioner claiming violation of right to access courts must establish
19  "actual injury").

20  Accordingly, to the extent plaintiff's claims are based on a failure to file, such
21  claims will be dismissed without further leave to amend.

**2. Failure to Provide Discovery**

In his FAC, plaintiff alleges he was arrested for "various alleged crimes," and that, after refusing a plea bargain, he was convicted following a jury trial, won a "full reversal" on appeal, and subsequently was "forced to sign a plea bargain." (See FAC ¶¶ 34, 49,

---

Eleventh Amendment immunity or qualified immunity.

54.)[3] Plaintiff further alleges that during said trial a witness was "drunk while making her preliminary testimony" and that pretrial proceedings were conducted after plaintiff was "removed from the courtroom." (See id. ¶¶ 42, 45.) Additionally, plaintiff alleges that, throughout the course of his criminal proceedings, the attorneys who represented him, two public defenders and subsequently Christopher Martin ("Martin"), a private attorney appointed to represent him, have refused, pursuant to a "Contra Costa County policy," to provide him with "his discovery" (see id. ¶ 39), and that, as a result of "discovery deprivation post-trial," he is "unable to appropriately access the courts or file the appropriate grievances, appeals, etc." (See id. ¶¶ 62-63.) Based thereon, plaintiff claims Martin, as well as Contra Costa County Public Defender Robin Lipetzky ("Lipetzky"), the Contra Costa Office of the Public Defender ("OPD"), and Contra Costa County ("CCC"), violated his First Amendment rights to "Access to the Court" and "to file an adequate Grievance," as well as his right to "Due Process/Equal Protection of Law." (See id. ¶¶ 68, 73.)

At the outset, and as explained in the Court's October 31 order, plaintiff's claims, to the extent brought against Martin, are subject to dismissal, as Martin is a private attorney, not a state actor. See Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972) (holding attorney representing criminal defendant, "whether retained or appointed, does not act 'under color of' state law" for purposes of 42 U.S.C. § 1983).

Next, even assuming the alleged policy of discovery deprivation constitutes an "administrative" act treated as state action, see Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) (recognizing public defender's "administrative and possibly investigative functions" may constitute state action), plaintiff's claims against Lipetzky, the OPD, and CCC fail, as plaintiff has not corrected the deficiencies identified in the Court's October 31 order. In that regard, although the FAC adds the above-referenced allegations regarding the

---

[3] The FAC contains two paragraphs numbered "34." The above citation is to the second such paragraph.

4

1 manner in which the criminal proceedings were conducted, plaintiff still fails to allege
2 "what information he seeks from the 'discovery' allegedly being withheld." (See Order
3 filed October 31, 2019 at 3:27.)  Additionally, plaintiff still fails to show "how his inability to
4 obtain such information prevents his access to the courts." (See id. at 3:27-28.)  For
5 example, plaintiff's allegation that he is unable to "file the appropriate grievances,
6 appeals, etc.," (see FAC ¶ 62), is not sufficient to identify the claim he seeks to pursue.
7 See Christopher v. Harbury, 536 U.S. 403, 415-416 (2002) (holding plaintiff alleging
8 violation of right of access to courts must identify a "nonfrivolous, arguable underlying
9 claim" that is "described well enough to . . . show that the arguable nature of [such] claim
10 is more than hope") (internal quotations and citation omitted).  Moreover, plaintiff has not
11 shown how the alleged discovery deprivation prevents him from pursuing such claim.
12 See Casey, 518 U.S. at 353 (holding plaintiff claiming violation of right of access to courts
13 must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a
14 legal claim").

Accordingly, to the extent plaintiff's claims are based on a failure to provide discovery, such claims will be dismissed.  As plaintiff may be able to cure the deficiencies noted, however, plaintiff will be afforded leave to amend.

**3. Monell Claim**

In his FAC, plaintiff now alleges as a separate claim that the OPD, CCC, Office of the District Attorney, and Office of the Clerk are subject to municipal liability under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), because they "fail[ed] to properly train, supervise, and discipline [their] employees" in "deliberate indifference to [plaintiff's] constitutional rights." (See FAC ¶ 83.)  Plaintiff's allegations regarding municipal liability, however, are "bare assertions" amounting to nothing more than "a formulaic recitation of the elements" of a Monell claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009).

Accordingly, plaintiff's Monell claim is subject to dismissal.  See id. at 678.  As plaintiff may be able to cure the noted deficiency, the dismissal of this claim will be with leave to amend.

### 4. State Law Claim

Plaintiff's remaining claim arises under state law, and, as the parties are not diverse in citizenship (see FAC ¶¶ 3-11 (listing California addresses for plaintiff and all defendants)), the Court's jurisdiction over plaintiff's state law claim is supplemental in nature. See 28 U.S.C. § 1367(a). Where a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(c)(3). In this instance, given the early stage of the proceedings, the Court finds it appropriate to decline to exercise supplemental jurisdiction over plaintiff's state law claim, unless and until plaintiff pleads a viable federal claim.

### CONCLUSION

For the reasons set forth above, plaintiff's complaint is hereby DISMISSED with limited leave to amend as set forth above. Plaintiff's amended complaint, if any, shall be filed no later than January 17, 2020. Plaintiff may not, however, add any new claims or new defendants without first obtaining leave of court. See Fed. R. Civ. P. 15(a)(2).

In light of the above, the Initial Case Management Conference currently scheduled for January 24, 2020, is hereby CONTINUED to April 10, 2020, at 10:30 a.m.

**IT IS SO ORDERED.**

Dated: December 20, 2019

MAXINE M. CHESNEY
United States District Judge