IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DIANE BECTON, et al.,<br><br>　　　　Defendants. | Case No. 19-cv-06865-MMC<br><br>**ORDER STRIKING PREVIOUSLY DISMISSED FEDERAL CLAIMS; DISMISSING REMAINING FEDERAL CLAIMS WITHOUT FURTHER LEAVE TO AMEND; DISMISSING STATE LAW CLAIM WITHOUT PREJUDICE** |

　　　　On October 22, 2019, plaintiff Mario Torres filed his initial complaint, by which pleading he asserted three claims under 42 U.S.C. § 1983 and one claim under state law. That same day, plaintiff also filed an application to proceed in forma pauperis. Thereafter, by order filed October 31, 2019 ("October 31 Order"), the Court granted plaintiff's application to proceed in forma pauperis and, having found plaintiff failed to state a claim, dismissed the complaint with leave to amend.

　　　　On November 21, 2019, plaintiff filed his First Amended Complaint ("FAC"), by which pleading he reasserted the same claims alleged in his initial complaint and added a new §1983 claim for municipal liability under Monell v. Department of Social Services, 436 U.S. 65 (1978). Thereafter, by order filed December 20, 2019 ("December 20 Order"), the Court, having found plaintiff again failed to state a claim, dismissed the FAC with limited leave to amend.

　　　　Now before the Court is plaintiff's Second Amended Complaint ("SAC"), filed January 21, 2021. Having read and considered the SAC, the Court rules as follows.

　　　　Where, as here, a party proceeds in forma pauperis, the district court, pursuant to

28 U.S.C. § 1915(e)(2), must dismiss the complaint if the plaintiff "fails to state a claim on which relief may be granted."  See 28 U.S.C. § 1915(e)(2)(B)(ii).

As set forth below, the Court finds the SAC is subject to dismissal for failure to state a claim and, given plaintiff's failure to cure the previously identified deficiencies in the FAC, such dismissal will be without further leave to amend.

**1.     Failure to File § 1381 Motion**

In his SAC, plaintiff alleges, as he did in his FAC, that the Office of the Clerk of the Contra Costa County Superior Court failed to file his "motion demanding trial pursuant to P.C. § 1381" ("§ 1381 Motion")[1] and, based on such allegation, claims he was denied his "First Amendment right to Access of the Courts," his "Fifth and Fourteenth Amendments rights to the 'Due Process/Equal Protection of Law,'" and his "Sixth Amendment Right to a Speedy Trial."  (See SAC ¶¶ 66, 71, 76.)

In its December 20 Order, the Court dismissed those claims without leave to amend (see Order filed Dec. 20, 2019, at 3:20-21), and, consequently, they will be stricken from the SAC.

**2.     Failure to Provide Discovery**

In his SAC, plaintiff reasserts his claims that, based on his alleged inability "to obtain his property/discovery" relating to his criminal proceedings, Contra Costa County ("CCC"), Contra Costa County Public Defender Robin Lipetzky ("Lipetzky"), and Christopher Martin ("Martin"), a private attorney appointed to represent him during those proceedings, violated his First Amendment rights to "Access . . . the Court" and "to file an adequate Grievance," as well as his right to "Due Process/Equal Protection of Law." (See SAC ¶¶ 40, 64, 67, 72.)[2]  In support of those claims, plaintiff, in addition to

---

[1] Pursuant to California Penal Code § 1381, a defendant who has been convicted and incarcerated is, upon motion, entitled to a speedy trial on any charges that remain pending.

[2] Although, in the FAC, plaintiff alleged Martin and Lipetzky "enforced" a "county policy of discovery deprivation while acting on behalf of Contra Costa County, The Office of the Public Defenders [sic], and Martin Law Office" (see FAC ¶¶ 68, 73), plaintiff now alleges Martin and Lipetzky enforced "the CCC policy of discovery deprivation," but does

2

repeating, in essence, his allegations from the FAC, adds a citation to Rule 1.16(e) of the California Rules of Professional Conduct[3] and the following new allegations: he "was denied knowledge of the facts and evidence surrounding his arrest and incarceration, the cause and nature of his alleged crimes, any and all pre-trial knowledge of any and all unprivileged information" (see id. ¶ 39); having been "deprived of the knowledge surrounding his arrest and incarceration, . . . [he] demanded the evidence surrounding his arrest and incarceration" (see id. ¶ 40); he "received Discovery from Martin" in March 2020 but "is unable to proceed with any type of legal action at this time, due to closures of the county law library, stemming from the current Covid-19 pandemic" (see id. ¶ 63); and "the enforcement of the . . . policy [of 'discovery deprivation'] is used as a form of Retaliation to punish Plaintiff for attempting to fight his conviction" (see id. ¶ 67).  As set forth below, plaintiff's reliance on such additional allegations is unavailing.

First, as explained in the Court's December 20 Order and October 31 Order, plaintiff's claims, to the extent brought against Martin, are subject to dismissal, as Martin is a private attorney, not a state actor.  See Szijarto v. Legeman, 466 F.2d 864, 864 (9th Cir. 1972) (holding attorney representing criminal defendant, "whether retained or appointed, does not act 'under color of' state law" for purposes of 42 U.S.C. § 1983).

Next, even assuming the alleged "policy of discovery deprivation" (see SAC ¶ 67) constitutes an "administrative" act treated as state action, see Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981) (recognizing public defender's "administrative and possibly investigative functions" may constitute state action), plaintiff's claims against CCC and Lipetzky fail, for the reason that plaintiff, as discussed below, has failed to cure a number of the deficiencies identified in the Court's December 20 Order.

---

not allege those individuals were acting on behalf of any other named defendants (see SAC ¶¶ 67, 72).  Consequently, the Court understands any claims based on alleged discovery deprivation are asserted only against Martin, Lipetzky, and the CCC.

[3] Rule 1.16(e) provides that a lawyer, upon termination of his/her representation, "promptly shall release to the client, at the request of the client, all client materials and property."  See Cal. Rules of Prof'l Conduct R. 1.16(e).

Most significantly, even if plaintiff's new allegations concerning his "depriv[ation] of . . . knowledge surrounding his arrest and incarceration" (see SAC ¶¶ 39-40) suffice to identify the type of information he was seeking to obtain from the allegedly withheld discovery, plaintiff nonetheless again fails to show "how his inability to obtain such information prevent[ed] his access to the courts" (see Order, filed Dec. 20, 2020, at 4:27-28 (internal quotation and citation omitted)). As set forth in the Court's December 20 Order, a plaintiff asserting a violation of his right to access the courts must identify a "nonfrivolous, arguable underlying claim" that he allegedly has been prevented from pursuing as a result of such violation, and any such underlying claim must be "described well enough to . . . show that the arguable nature of [such] claim is more than hope." (See Order, filed Dec. 20, 2019, at 4:27-5:6 (quoting Christopher v. Harbury, 536 U.S. 403, 415-16 (2002)).) Here, plaintiff fails to identify the underlying claim he seeks to pursue, let alone show how any alleged lack of discovery has prevented him from pursuing that claim.

Further, plaintiff's new allegation that the "CCC policy of discovery deprivation" was "used as a form of Retaliation to punish Plaintiff for attempting to fight his conviction" (see SAC ¶ 67) is wholly conclusory and, thus, insufficient to state a cognizable claim for relief based thereon, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not suffice to state claim for relief).

Lastly, to the extent the SAC can be read as asserting a claim for damages and/or declaratory relief based on a theory that plaintiff's criminal defense attorney, by "enforc[ing]" the alleged "CCC policy of discovery deprivation" (see SAC ¶ 72), provided ineffective assistance that resulted in his conviction of "various crimes" (see id. ¶ 56), any such claim is barred under Heck v. Humphrey, 512 U.S. 477 (1994), see Heck, 512 U.S. at 486-87 (holding plaintiff, to plead a viable claim under § 1983 for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . must prove that the conviction or sentence has been reversed" or otherwise declared invalid);

see also Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995) (affirming dismissal of § 1983 claim predicated on ineffective assistance of counsel; holding claim necessarily implicated invalidity of conviction and thus was barred by Heck); Wilkins v. Picetti, No. C 10-2818 LHK (PR), 2013 WL 5958148, at *2 (N.D. Cal. Nov. 7, 2013) (finding ineffective assistance of counsel claim barred by Heck; applying bar to claims for damages and equitable relief).

Accordingly, to the extent plaintiff's claims are based on a failure to provide discovery, those claims are subject to dismissal.

### 3. Monell Claim

In his SAC, plaintiff asserts, as he did in his FAC, a Monell claim against the CCC, as well as defendants Office of the District Attorney, Office of the Clerk, and Office of the Public Defender. In support thereof, plaintiff, in addition to repeating, in essence, his allegations from the FAC, adds a new allegation that "the [d]efendants in this case have a history . . . of complaints and lawsuits filed against them for misconduct similar/equal to the incident at issue." (See SAC ¶ 88.)

This new allegation is, however, both vague and conclusory, and plaintiff's remaining allegations are, as the Court previously found in the December 20 Order, "bare assertions" amounting to nothing more than "a formulaic recitation of the elements" of a Monell claim. See Iqbal, 556 U.S. at 681; (see also Order, filed Dec. 20, 2019, at 5:14-24).

Accordingly, plaintiff's Monell claim is subject to dismissal.

### 4. State Law Claim

As noted in the December 20 Order, plaintiff's remaining claim arises under state law, and, as the parties are not diverse in citizenship (see SAC ¶¶ 3-11 (listing California addresses for plaintiff and all defendants)), the Court's jurisdiction over plaintiff's state law claim is supplemental in nature. See 28 U.S.C. § 1367(a). Where, as here, a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over the remaining claims. See id. § 1367(c)(3). In this

instance, given the early stage of the proceedings, the Court finds it appropriate to decline to exercise supplemental jurisdiction over plaintiff's state law claim.

## CONCLUSION

For the reasons set forth above:

1. To the extent plaintiff's federal claims are based on an alleged failure to file his § 1381 Motion, such claims are hereby STRICKEN from the SAC.

2. Plaintiff's remaining federal claims are hereby DISMISSED without further leave to amend.

3. Plaintiff's state law claim is hereby DISMISSED without prejudice to refiling in state court.

**IT IS SO ORDERED.**

Dated: April 2, 2021

MAXINE M. CHESNEY
United States District Judge